IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-67-BR

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | ORDER |
| MURDOCK RAEFORD SHERROD | |

This matter is before the court on defendant's motion for compassionate release. (DE # 51.)

In 2018, defendant pled guilty to Hobbs Act robbery in violation of 18 U.S.C. § 1951. At sentencing, the court concluded Hobbs Act robbery was not a crime of violence under the career offender guideline, and therefore, defendant was not a career offender, resulting in a guideline imprisonment range of 41 to 51 months.[1] (8/30/18, DE # 46, at 5.) On the government's motion, the court varied upwardly from that range on the grounds that defendant's criminal history category substantially underrepresented the seriousness of defendant's criminal history, defendant's propensity for violence, and the strong likelihood of recidivism. (9/26/18 Tr., DE # 47, at 8-9; see also Statement of Reasons, DE # 39, at 3.) The court sentenced defendant to 120 months imprisonment. Defendant appealed his sentence, and the Fourth Circuit Court of Appeals affirmed. (DE # 48.)

In October 2020, defendant filed the instant motion *pro se*. Pursuant to Standing Order No. 19-SO-3 (E.D.N.C. Jan. 25, 2019), the court appointed counsel to represent defendant for

---

[1] Since sentencing, the Fourth Circuit Court of Appeals has agreed with this court's holding that Hobbs Act robbery is not a crime of violence for purposes of the career offender guideline. See United States v. Green, 996 F.3d 176, 184 (4th Cir. 2021).

purposes of such a motion. Appointed counsel filed a memorandum in support of defendant's motion, (DE # 59), with supporting exhibits, (DE ## 59-1 to -3, 56). The government filed a response in opposition. (DE # 61.) Later, in response to the court's order, the government filed defendant's sentence computation data and inmate discipline data. (DE # 62.)

Defendant seeks release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[2] That statute provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute. United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020). "[A]s a result, district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted).

In deciding whether a sentence reduction is appropriate, the court must also consider the

---
[2] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

applicable § 3553(a) factors.   18 U.S.C. § 3582(c)(1)(A); United States v. Kibble, 992 F.3d 326, 331 (4th Cir. 2021).

> These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020) (citation omitted) (alteration in original).

The government does not dispute that defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, (see Resp., DE # 61, at 4; Ex. 1, DE # 61-1; Ex. 2, DE # 61-2), and therefore, the court will consider the merits of defendant's motion.   Defendant requests that the court reduce his sentence to time served (or permit him to serve the remainder of his sentence on home confinement as part of supervised release) based on his medical conditions which place him at an increased risk of severe illness or death from COVID-19 while incarcerated.   (Mem., DE # 59, at 6, 10-16, 21.)   Defendant argues that a sentence reduction is warranted because he has accepted responsibility, rehabilitated himself while incarcerated by taking courses and working, and served more than 25% of his sentence and, upon release, plans to move into a supportive situation and abide by the law.   (Id. at 16-20.)   The government acknowledges that defendant presents risk factors for severe injury or death were he to contract COVID-19.   (Resp., DE # 61, at 17-18.)   However, it argues defendant's motion should be denied because the § 3553(a) factors and the possible danger defendant poses to the community weigh against releasing defendant.   (Id. at 18-21.)

"[I]n considering whether extraordinary and compelling reasons for a sentence reduction

exist in light of COVID-19, [district courts] have considered the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility." United States v. Kibble, Criminal Action No. 2:19-00077, 2020 WL 3470508, at *2 (S.D.W. Va. June 25, 2020) (citing United States v. Brady, No. S2 18 Cr. 316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (collecting cases)), aff'd, 992 F.3d 326. The Centers for Disease Control and Prevention's ("CDC") list of risk factors for COVID-19 complications also informs the court's evaluation. Everett v. United States, No. 4:16cr35, 2020 WL 5793428, at *3 (E.D. Va. Sept. 25, 2020).

Defendant is 56 years old. He suffers from obesity, Type 2 diabetes, hypertension, and COPD and has a history of chronic hepatitis C. (PSR, DE # 31, ¶ 44; Ex. B, DE # 56, at 95-97.) Also, he has carpal tunnel syndrome, (PSR, DE # 31, ¶ 44; Mot., DE # 51), and needs shoulder surgery, (Mem., Ex. A, DE # 59-1, at 2). According to the CDC, being an older adult and having obesity, Type 2 diabetes, COPD, chronic liver disease, and possibly hypertension, among other conditions, can make one more likely to get severely ill from COVID-19. See CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Aug. 25, 2021).

Currently, defendant is serving his sentence at FCI Williamsburg. There, no inmates and one staff are positive for COVID-19. BOP, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Aug. 25, 2021). Id. Nearly 80% of the inmates are fully inoculated.[3] BOP, COVID-19 Vaccine Implementation, https://www.bop.gov/coronavirus/ (last visited Aug. 25, 2021). Although the COVID-19

---

[3] The record does not reflect defendant's vaccination status.

infection rate at FCI Williamsburg appears low, the court is concerned about the spread of the Delta variant, particularly to medically vulnerable, incarcerated persons, like defendant (presuming he has not been vaccinated due to no fault of his own). See generally CDC, Delta Variant: What We Know About the Science, https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html (last visited Aug. 25, 2021). Considering defendant's age and his having more than one risk factor for severe illness from COVID-19, the court finds that defendant has shown extraordinary and compelling reasons to warrant further consideration of his motion and the applicable § 3353(a) factors.

Prior to the instant offense, defendant had been convicted of 6 felonies, including second degree murder and robbery with a dangerous weapon, and 22 misdemeanors. (PSR, DE # 31, ¶¶ 15-32.) He has a history of non-compliance with medical treatment, both in and out of incarceration. (See id. ¶ 44; Ex. B, DE # 56, at 27, 29, 32, 53-55, 57, 59, 61, 63-64, 71, 73, 77-79, 85, 88-89, 91-94, 99, 143.) The instant offense involved the robbery of a retail store during which defendant made it appear to the store clerk as if he had a weapon in his pocket. (PSR, DE # 31, ¶ 7.) Defendant later stated to law enforcement that the lint roller in his pocket "was a deadly weapon and [] his .380 handgun." (Id. ¶ 9.) At sentencing, as recognized above, the court varied more than double above the top of the applicable guideline range.

Defendant has been incarcerated three years or about one-third of his sentence. (Resp., Ex. 1, DE # 62-1.) He is projected to be released (with good time credit) in five years. (Id.) He has taken courses and worked in food service. (Mot., DE # 51.) Defendant has committed two prohibited acts, fighting with another inmate and activating a duress device for a non-medical emergency, both occurred on separate occasions earlier this year while this motion was

5

pending. (Resp., Ex. 2, DE # 62-2.) The BOP classifies those acts of high severity. See BOP Program Statement 5270.09, Inmate Discipline Program, Table 1 (Aug. 1, 2011).

Given defendant's criminal history, the nature and circumstances of the instant offense, defendant's conduct while incarcerated, and his history of non-compliance with medical treatment, the court concludes reducing defendant's term of imprisonment would not reflect the seriousness of the offense, provide just punishment, or provide defendant with consistent access to needed medical care. Defendant's motion for compassionate release is DENIED.

This 26 August 2021.

_____
W. Earl Britt
Senior U.S. District Judge

6

Case 5:18-cr-00067-BR   Document 63   Filed 08/26/21   Page 6 of 6